## Pike v. Pike.

*Divorce—Adultery—Evidence—Confession of paramour.*

In a proceeding for divorce, the confession of an alleged paramour of the respondent is not admissible in evidence to establish the charge of adultery, unless it has been communicated to the respondent, and this is the case even if it is offered without objection to its admission.

Libel for divorce. C. P. Fayette Co., June T., 1925, No. 357.

*W. J. Sangston,* for libellant; no appearance for respondent.

MORROW, J., March 1, 1925.—This is an application for divorce on the ground of adultery. The only testimony to establish the charge is that of witnesses detailing confessions of one Nettie Gordon that she had committed adultery with the respondent. There was no evidence that these confessions had been communicated to the respondent. These confessions would be evidence against the respondent only when they had been communicated to him and confirmed by him: Matchin v. Matchin, 6 Pa. 332. The confession of the paramour of the respondent, not shown to have been communicated to him and confirmed or denied by him, should have been excluded by the master, even if offered without objection: Wells v. Wells, 26 Dauphin Co. Reps. 346. Even if a confession of the respondent had been proven, corroboration thereof would have been necessary: Young v. Young, 21 Schuyl. Leg. Rec. 43.

The record at No. 359, September Sessions, 1924, of the Court of Quarter Sessions of Fayette County, offered in evidence by libellant, shows a charge of adultery preferred against Nettie Gordon and a verdict of not guilty. We assume that this record was offered to show that there was a trial in court, as testified to by libellant and two of her witnesses. It is not apparent how this record is otherwise helpful to libellant's case.

The original report of the master was filed Jan. 14, 1926. On Feb. 1, 1926, we recommitted the case to the master for further hearing and report in order that the libellant might have full opportunity to establish her alleged right to a divorce for the cause stated in her libel. On Feb. 13, 1926, a supplemental report, with additional testimony attached, was filed and submitted. The master reports that the additional testimony does not add anything to the testimony heretofore taken in respect to the relations with the Gordon woman, and that it confines itself wholly to the matter of corroboration of her confession. We find that it wholly fails to show that the respondent committed adultery as charged in the libel. It was necessary for libellant to prove this allegation by competent testimony.

For the reasons stated, the recommendation of the master cannot be accepted, and the libel must be dismissed.

And now, March 1, 1926, libel dismissed, at the cost of libellant.

From Luke H. Frasher, Uniontown, Pa.